## HIMELREICH, Exrx, etc v SAMS

Ohio Appeals, 7th Dist, Mahoning Co

Harrington, Huxley & Smith, Youngstown, for plaintiff in error.

Nicholson & Warnock, Youngstown, for defendant in error.

**OPINION**

By ROBERTS, J.

The cause subsequently came on to trial by a jury. Plaintiff introduced her testimony and rested and then a strange interlude occurred which the plaintiff in error, through counsel, complains of as having been reversibly prejudicial to the rights of his client. The plaintiff having rested, counsel for the defendant below, on page 133 of the record, moved the court for a directed verdict for the defendant and expressed a desire to be heard for a few minutes. Then counsel for the plaintiff said, "If the court please, we would like to move for a directed verdict in favor of the plaintiff." This request seems to have been earnestly made and was repeated and insisted upon several times. If that request by the plaintiff for a directed verdict was good law and could have been granted, it presents a situation of cold cheer for defendants in the litigation. Remember, defendant had not introduced any evidence and had not had an opportunity to do so when counsel for plaintiff asked that a verdict be returned against her. It is said such situation occurs sometimes in justices of the peace courts, but this is the first occasion so far as is known in the Common Pleas Court. This matter was argued to a considerable extent by counsel and the court seemed to entertain the idea that the object of counsel perhaps was to present a situation whereby the jury might be discharged by the court and the matter proceed for determination by the court without the jury. The reasonable explanation of what occurred at this time seemed to have been a mistaken idea of the rule announced in **First National Bank v Hayes, 64 Oh St, 100.** The first paragraph of the syllabus reads as follows:

"Where at the conclusion of the evidence in a case each party requests the court to instruct the jury to render a verdict in his favor, the parties thereby clothe the court with the functions of a jury, and where the party whose request is denied does not thereupon request to go to the jury upon the facts, the verdict so rendered should not be set aside by a reviewing court unless clearly against the weight of the evidence."

That rule is recognized in several subsequent decisions. Perhaps the latest case is **Railway Company v Luthy, 112 Oh St, 321.** That is a rule, however, which can only be invoked when both sides have rested and each side moves for a directed verdict. The court, having given the party the right to withdraw the motion, then becomes clothed with the function of a jury and may decide the issue of fact, but an attempt of this kind when only one side of the case had been heard was wholly inappropriate.

A discussion between counsel and the court covering several pages of the record then followed, in which the court suggested, in effect, that it was the evident intention of counsel to authorize the court to discharge the jury and decide the jury issue. The court suggested, in effect, to counsel that if the court accepted that duty it was desired that it be without objection on the part of either party, that he did not desire to do so unless it was consented to by counsel. It is difficult to determine from what was said by counsel as to whether objection was fully withdrawn or not. In any event, the court seems to have so understood and retired a short time for meditation upon the subject, and returned forti-

fied with the belief that the jury might be discharged and the trial continued to the court, which was done, the court making a finding, as has been said, of two thousand dollars for the plaintiff.

Now counsel for plaintiff in error complain that this was prejudicial to his client in being deprived of a determination by a jury. What the court seems to have understood, and we can not say wrongfully so, was that counsel on both sides were submitting to this procedure without objection or exception, and if such be the fact it is hardly consistent that such objection be made now. In any event, the court proceeded to the discharge of the jury without any objection or exception then to so doing on the part of counsel for the defendant, and then the court proceeded to and did hear the testimony of the defendant without any objection on the part of counsel for the defendant. So that in any event, we are clearly of the opinion that no right of complaint was preserved in this respect by counsel, and this matter of complaint is not well taken.

The other matter complained of is, in substance, that this case in its nature by reason of the allegations of the plaintiff's petition and the evidence introduced upon which the plaintiff below sought to recover, did not indicate a right of action sounding in tort for personal injuries arising by the defective condition of the premises. This was not the leasing of a part of a building occupied by different tenants in which a hallway or other portion is reserved by the landlord, or the use of some part reserved for other tenants and in which a liability on the part of the landlord is recognized, but is said to have been a case where the whole premises were leased under a condition where there was no fraud, deceit or misrepresentation, and that such being the fact if the landlord failed to make the promised repairs that the only remedy of the tenant was an action for damages by reason of such failure, and that no right of action was available for personal injuries.

The lease was verbal, and as testified to by the daughter of Mrs. Sams, and by a young lady who was there and who constitute the only witnesses, has been substantially heretofore stated. This, too, presents a nice question of law and has received considerable attention from this court.

It is desired first to cite page 1059 of the 16th Volume of R.C.L. §580. It is said under the title "Injuries to Person; General Rule."

"A number of decisions in announcing the general rule that a landlord is not liable to his tenant for personal injuries arising from defects in the leased premises other than those existing at the time of the lease, and known to him and concealed by him from the tenant, qualify it by referring to the absence of an agreement on the part of the landlord to repair, and imply that when there is such an agreement the landlord may be liable to damages for personal injuries, at least under some circumstances. Where, however, the question has been specifically presented it has been held with but few exceptions that the breach by the landlord of his contract to repair the demised premises will not ordinarily entitle the tenant, his family, servants or guests, personally injured from a defect therein, existing because of the negligence of the landlord in failing to comply with his agreement to repair, to recover indemnity for such injury, whether in contract or tort, since such damages are too remote, and can not be said to be fairly within the contemplation of the parties. A contract to repair does not contemplate as damages for the failure to perform it that any liability for personal injuries shall grow out of the defective condition of the premises; because the duty of the tenant,. if the landlord fails to perform his contract to repair, is, to do the work himself and recover the cost in an action for that purpose, or upon a counterclaim in an action for rent, or if the premises are made untenantable by reason of the breach of contract the tenant may move out and defend in an action for rent, as upon an eviction. In accordance with this view in order to recover damages for personal injuries there must be shown some clear act of negligence or misfeasance on the part of the landlord beyond the mere breach of covenant."

A large number of cases are cited under this text. Turning now to **36 C.J.**, for the general rule upon this subject upon page 208, §881, we find the following:

"Parties to a tenancy may agree that the landlord shall make necessary repairs and thus vary the rights and obligations implied by law from the relation, but an agreement to repair as a part of the letting is an agreement to make repairs on notice, and failure to comply will as a general rule give rise merely to a right of action for breach of contract under which damages are not recoverable for personal injuries sustained

by reason of the defective condition of the premises. It has been held that the rule applies to an agreement to make improvements as well as to an agreement for repairs, and also that there is no distinction in principle between a covenant to repair and one to keep the premises heated in respect to the right of recovery for damages, and that a landlord is not so liable on account of the breach of his covenant for the death of the tenant or one of his family."

Again a great many cases are cited under what is presented in these authorities as the general rule. Time will not be taken to read from or make specific reference to other authorities, a large number of which have been examined, except in a few instances, particularly the case of Marlow v Shiffman et, reported in 9 Ohio Nisi Prius, N.S., 533, an evidently well considered case which seems to be frequently cited as authority in Ohio, the syllabus reading as follows:

"1. If, by the terms of a contract of letting by a landlord to a tenant, the former, as a part of the consideration of renting, agrees to make specific repairs of defects on the premises, but fails so to do, it is the duty of the tenant, for his own convenience and protection against such defective conditions, to make the necessary repairs and recover the cost so incurred in an action for breach of contract.

2. If a tenant, knowing of defective conditions, in the premises occupied, continues in occupation, he assumes the risk of injuring himself and others and he cannot hold his landlord in tort for damages resulting from the defects."

In the case of Shinkle v Birney, 68 Oh St, 328, the syllabus reads:

"The relation of lessor and lessee arises out of contract, and where there is neither express warranty nor deceit, the latter cannot maintain an action against the former on account of the condition of the premises hired."

Citing also, without taking time to read, the case of Schridski v Butler et, 9 OLR, 127; Hollingsworth v Muller, 3 O. L. Abs 119; Roberts et v Fulton, 24 O.C.C., N.S., 238 and Stackhouse v Close et, 83 Oh St, 339.

Other cases have been cited and have been examined which are found in brief of counsel. It may be said in conclusion that

the result of our deliberations upon this subject is that under the contract as alleged and as indicated by the evidence, it is not the law as we understand it in this state that plaintiff in this action had a right of action for personal injuries received by her as a result of her breaking through the porch floor of this dwelling. According to her testimony she had been advised of the defective condition and there had been a suggestion on the part of the decedent that he would repair it. Of course it is claimed that a board had been inserted, as a matter of defense, but the court in considering this may readily have come to the conclusion that this repair did not apply to this house, as the witness Dechant was not positive as to the identity of the dwelling, and what may have been done by him, if done on this dwelling was previously remedied. For this reason the judgment of the Court of Common Pleas is reversed.

Judgment reversed.

FARR and POLLOCK, JJ, concur in the judgment.